IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN JAMES, # B-15449, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 17-cv-1364-NJR |
| KAREN JAIMET, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on Plaintiff's "Motion for a Preliminary or Emergency Injunction" (Doc. 1). Plaintiff, an inmate of the Illinois Department of Corrections ("IDOC") currently house at Pinckneyville Correctional Center, filed this motion yesterday. Interestingly, however, Plaintiff has not filed a Complaint.

In the motion, Plaintiff states that he plans to file a complaint, but—despite several requests—he has not yet been called to the prison law library. He requests this Court to order Jaimet (Warden of Pinckneyville Correctional Center) to process his library request slips so that he will have access to the law library to prepare his civil suit, as well as to ensure that all his mail and other request slips are properly handled, and to ensure that he is not subjected to retaliation because of his litigation activity. Plaintiff does not elaborate on the nature of the proposed civil action he intends to file in this Court.

Not only has Plaintiff not submitted a complaint, but he also has not paid the $400.00 civil filing fee or applied to proceed *in forma pauperis* ("IFP"). The Federal Rules of Civil Procedure provide that "[a] civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. In other words, "the first step in the action is the filing of the complaint." *Id*.,

Advisory Committee Notes, 1937 Adoption. Although *pro se* litigants are not held to the same standards applied to licensed attorneys, *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999), they are not entitled to general dispensation from the rules of procedure, *Jones v. Phipps*, 39 F.3d 158 163 (7th Cir. 1994).

The motion for injunctive relief cannot suffice as a complaint. The only potential claim it includes is based on the alleged denial of Plaintiff's access to the law library, but this alone does not indicate that a constitutional violation has occurred. "[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). In order to state a claim for denial of access to the courts, a prisoner must show actual substantial prejudice to specific litigation. *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993). Clearly, Plaintiff was able to file his motion with the Court, and there is no indication that he would not be permitted to file a complaint, once he prepares it.

Without a complaint, the Court cannot ascertain the basis for jurisdiction. *See Bell v. Hood*, 327 U.S. 678, 681-82 (1946); *Greater Chicago Combine & Ctr., Inc. v. City of Chicago*, 431 F.3d 1065, 1069-70 (7th Cir. 2005). The Court likewise cannot determine what causes of action Plaintiff intends to assert against Defendant. More to the point, the Court cannot consider an application for injunctive relief in the absence of a complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's "Motion for a Preliminary or Emergency Injunction" (Doc. 1) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that, should he wish to further pursue this action, Plaintiff shall file a complaint within **35 days** of the entry of this order **(on or before January 23, 2018)**. By the same deadline, Plaintiff shall either pay the $400.00 filing fee in full, or shall submit a motion for leave to proceed IFP, along with his prisoner trust fund records for the **6 months** prior to the date he filed this case.

In preparing his complaint, it is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions. He should label the complaint with Case Number 17-cv-1364-NJR. Plaintiff shall note that the complaint should identify each Defendant alleged to be liable for a particular claim, as well as the actions alleged to have been taken by that Defendant. Plaintiff should state facts to describe what each named Defendant did (or failed to do), that violated his constitutional rights. Legal arguments or citations to legal authority are not required; therefore, access to the law library should not be necessary. Instead, Plaintiff should focus on the *facts* that support his claims. New individual Defendants may be added if they were personally involved in the constitutional violations. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

If Plaintiff still seeks injunctive relief, he must file a new motion.

Failure to file a proper complaint by the prescribed deadline will result in the dismissal of this action for lack of subject matter jurisdiction. Such a dismissal shall count as one of Plaintiff's allotted "strikes" under the provisions of 28 U.S.C. § 1915(g), and Plaintiff will remain obligated to pay the filing fee. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk of Court is **DIRECTED** to send Plaintiff a copy of this Order, along with a blank civil rights complaint form, and the "Instructions for Filing a Pro Se Civil Complaint for Civil Rights Violations or Other Civil Claims Filed by a Person in Custody."

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 19, 2017**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**