IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN JAMES, # B-15449, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-cv-1364-NJR |
| ) | |
| KAREN JAIMET, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court for a status review. The Court notes that this case was opened after Plaintiff filed a "Motion for a Preliminary or Emergency Injunction" (Doc. 1); he did not submit a complaint, nor did he pay the filing fee. On December 20, 2017, Plaintiff was ordered to submit a proper complaint if he wanted to proceed with this action. (*See* Doc. 4). The Court also denied Plaintiff's motion for injunctive relief, which claimed that Plaintiff needed access to the prison law library in order to prepare a complaint. *Id.* The Court sent Plaintiff a blank complaint form and noted that Plaintiff is not required to provide legal arguments or legal authority to support his claims, but he should focus on presenting the facts relating to his claims. Plaintiff was ordered to file his complaint with the Clerk no later than January 23, 2018. He was warned that this action would be dismissed if he failed to file a proper complaint by this deadline, and that the dismissal would count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Furthermore, Plaintiff would remain obligated to pay the filing fee. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). (Doc. 4). He was also sent a blank motion for leave to proceed *in forma pauperis* ("IFP").

1

Plaintiff's January 23 deadline has come and gone, and he has failed to respond in any way. This action is therefore subject to dismissal for failure to prosecute, as well as for lack of subject matter jurisdiction.

**IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice** for lack of subject matter jurisdiction, and for failure to prosecute. FED. R. CIV. P. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice).

The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

This dismissal shall count as one of Plaintiff's three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g), because Plaintiff's motion (Doc. 1) which precipitated this action failed to state a claim upon which relief may be granted.

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00[1] remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

To that end, the agency having custody of the Plaintiff is **DIRECTED** to remit the $400.00 filing fee from his prison trust fund account if such funds are available. If he does not have $400.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher. Thereafter, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the $400.00 filing fee is paid in full. The agency having custody of Plaintiff shall forward these payments from the Plaintiff's trust fund

---

[1] Had Plaintiff applied for and been granted pauper status, his filing fee would have been reduced to $350.00, after the deduction of the $50.00 fee assessed on plaintiffs who have not been granted leave to proceed *in forma pauperis*.

account to the Clerk of this Court each time the Plaintiff's account exceeds $10.00, until the $400.00 fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, 750 Missouri Ave., East St. Louis, Illinois 62202. The Clerk is **DIRECTED** to transmit a copy of this order to the Trust Fund Officer at the Pinckneyville Correctional Center upon entry of this Order.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: January 31, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**